UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

UNITED STATES OF AMERICA      )
           )
v.                           )          No. 2:18-CR-148
           )
JARVUSS CARR             )

## MEMORANDUM AND ORDER

This matter is before the Court on the defendant's July 10, 2020 renewed *pro se* motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i).  [Doc. 584]. For the reasons stated below, the defendant's motion will be denied and dismissed without prejudice.

## I.     BACKGROUND

In May 2019, the defendant pled guilty to conspiring to distribute methamphetamine. In September 2019, the Court imposed a prison sentence of 121 months.  According to the Bureau of Prisons, the defendant is presently incarcerated at FCI McDowell with a scheduled release date of May 24, 2027.  *See* Federal Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited July 13, 2020).

The defendant moves for immediate compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), as amended by the First Step Act of 2018.  He cites the current COVID-19 pandemic, his young children, and his mother's health

## II.     DISCUSSION

Section 3582(c)(1)(A)(i) allows district courts to consider prisoner motions for sentence reduction upon a finding of "extraordinary and compelling reasons."  That statute,

as amended by the First Step Act of 2018, provides in relevant part:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> > (i) extraordinary and compelling reasons warrant such a reduction ... and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission....

18 U.S.C. § 3582(c)(1)(A). Prior to the First Step Act, a motion for compassionate release could only be brought by the BOP Director, not a defendant. *See* 18 U.S.C. § 3582(c)(1)(A) (2017). The First Step Act amended § 3582(c)(1)(A) to allow a defendant to file a motion for compassionate release after first asking the BOP to file such a motion on his behalf. *See, e.g., United States v. Alam*, 960 F.3d 831, 832 (6th Cir. 2020).

It is a defendant's burden to show that he has exhausted his administrative remedies under § 3582(c)(1)(a)(i). *See United States v. McDonald*, No. 94-cr-20256-1, 2020 WL 3166741, at *3 (W.D. Tenn. June 8, 2020). The present defendant acknowledges that he has not exhausted his administrative remedies and asks the Court to excuse that failure. However, section 3582(c)(1)(A)(i)'s exhaustion requirement "remains a mandatory condition." *Alam*, 960 F.3d at 833. The defendant's request for compassionate release must therefore be denied.

### III. CONCLUSION

For the reasons stated herein, the defendant's renewed motion for compassionate release [doc. 584] is **DENIED** without prejudice.

**IT IS SO ORDERED.**

ENTER:

s/ Leon Jordan
United States District Judge